UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH A. SIVER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>Defendants. | CASE NO. C10-1685JLR<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

This matter comes before the court on Plaintiffs Kenneth A. and Catriona Siver's motion for a temporary restraining order and preliminary injunction (Dkt. # 2). Plaintiffs seek to enjoin the trustee's sale of their home scheduled for November 19, 2010. (*See* Compl. (Dkt. # 1) Ex. 5.) In an order dated October 19, 2010, the court declined to issue an ex parte temporary restraining order and set a schedule for briefing and argument on Plaintiffs' motion. (Dkt. # 3.) On November 1, 2010, counsel for Defendants CitiMortgage, Inc., First American Title Insurance Company, and Cal-Western Reconveyance Corporation of Washington filed a response to Plaintiffs' motion. (Dkt. #

ORDER- 1

10.) On November 5, 2010, Plaintiffs filed a reply. (Dkt. # 15.) The court heard oral argument on the motion on November 9, 2010. (*See* Dkt. # 21.) Having considered the submissions of the parties, and for the reasons stated on the record during oral argument on November 9, 2010, the court DENIES Plaintiffs' motion for a temporary restraining order and preliminary injunction (Dkt. # 2).

A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). The Ninth Circuit has recently clarified that a preliminary injunction is also appropriate "when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for Wild Rockies v. Cottrell*, --- F.3d ---, 2010 WL 2926463, at *7 (9th Cir. 2010). For the reasons stated on the record during the November 9, 2010 hearing, the court finds that Plaintiffs have not met their burden to demonstrate a likelihood of success or serious questions going to the merits of their claims. Plaintiffs fail, therefore, to establish that that they are entitled to a temporary restraining order or preliminary injunction.

Moreover, under Washington's Deed of Trust Act, chapter 61.24 RCW, a court must require, as a condition of granting a restraining order or injunction preventing a trustee's sale, "that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed[.]" RCW 61.24.130(1). Plaintiffs stated on the record during the November

1 | 9, 2010 hearing that they would not pay the sums due on their mortgage. As a result, the

2 | Deed of Trust Act prevents the court from restraining or enjoining the November 19,

3 | 2010 trustee's sale.

4 |      For the foregoing reasons, the court DENIES Plaintiffs' motion for a temporary

5 | restraining order and permanent injunction (Dkt. # 2).

6 |      Dated this 9th day of November, 2010.

7

8

9 |                                         JAMES L. ROBART
                                        United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 3