UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH A. SIVER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITIMORTGAGE, INC., et al., <br><br> Defendants. | CASE NO. C10-1685JLR <br><br> ORDER ON MOTION TO DISMISS |

This matter comes before the court on Defendant CitiMortgage, Inc.'s ("CitiMortgage") motion to dismiss (Mot. (Dkt. # 34)) all ten claims of Plaintiffs Kenneth A. Siver and Catriona Siver's (the "Sivers") amended complaint (Am. Compl. (Dkt. # 25).). In response, the Sivers voluntarily dismiss their claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Equal Credit Opportunity Act ("ECOA") (Resp. (Dkt. # 40) at 7 and 15), leaving seven claims in dispute. Having considered the submissions of the

parties, the relevant law, and neither party having requested oral argument, the court GRANTS IN PART and DENIES IN PART CitiMortgage's motion to dismiss.

## I. BACKGROUND

In April 2005, the Sivers purchased their home located at 6105 35th Way Southeast, Auburn, Washington through two loans secured by two purchased money mortgages in favor of Wilshire Financial Service Group HSBC. (Am. Compl. ¶¶ 2-3.) Around July 2007, the Sivers refinanced their original home loans with CitiMortage, consolidating both loans into one loan. (*Id.* ¶¶ 13-16.) The Sivers executed a promissory note and a deed of trust as security for the $310,000 loan (the "Loan"), which had an interest rate of 9.750%. (*Id.* ¶¶ 13-18; Mot. at 2.) The Loan documents were signed by the Sivers on July 19 or 20, 2007. (Am. Compl. ¶ 15.) In connection with the Loan, on July 18, 2007, CitiMortgage issued a Truth in Lending ("TIL") disclosure statement to the Sivers, which was signed by the Sivers on July 20, 2007. (*Id.* ¶¶ 21-22.) According to the Sivers, on July 19, 2007, CitiMortgage also provided Mr. Siver and Mrs. Siver each with one copy of the Notice of Right to Cancel. (*Id.* ¶¶ 27, 31.)

Almost three years later, on July 13, 2010, the Sivers sent CitiMortgage a letter demanding copies of all loan documentation along with a notice of their desire to rescind the Loan. (*Id.* ¶ 35.) The Sivers were willing to either tender the property of their home to or sign a new promissory note with CitiMortgage. (*Id.* ¶¶ 37-38.) CitiMortage did not respond to the Sivers' notice to rescind and did not take possession of the Sivers' home. (*Id.* ¶¶ 36, 39.)

The Sivers filed this lawsuit on October 18, 2010 (Compl. (Dkt. # 1)), amended on February 4, 2011 (Dkt. # 25), alleging claims against CitiMortgage for Truth in Lending Act ("TILA"), FDCPA, RESPA, and ECOA violations; breach of contract; slander of title; fraudulent inducement; and violations of the Washington Consumer Protection Act ("CPA"). (*See generally* Am. Compl.) The Sivers also requested a declaratory judgment and quiet title. (*See generally id.*) CitiMortgage has now filed a motion to dismiss all ten of the Sivers' claims. (*See generally* Mot.)

## II. ANLAYSIS

### A. Legal Standard

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff." *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998). Facts alleged in the complaint are assumed to be true. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1030 n.1 (9th Cir. 2002). The issue to be resolved on a motion to dismiss is whether the plaintiff is entitled to continue the lawsuit to establish the facts alleged, not whether the plaintiff is likely to succeed on the merits. *See Marksman Partners L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297, 1304 (C.D. Cal. 1996).

A complaint must provide more than a formulaic recitation of the elements of a cause of action and must assert facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Ninth Circuit has summarized *Twombly's* plausibility standard to require that a complaint's

"nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

**B.     The Sivers Agree That Multiple Claims Should be Dismissed**

The Sivers agree that their claims for violations of RESPA, FDCPA, and ECOA should be dismissed. (Resp. at 7 and 15.) Accordingly, the court dismisses those three causes of action with prejudice.

**C.     The Sivers' TILA Actions**

The Sivers allege numerous violations of TILA, including that at the closing of the Loan they left without each borrower having received "the requisite two original signed Notices of Right to Cancel with the correct rescission dates and other information 'filed in.'" (Am. Compl. ¶¶ 69, 74.) As a result of these alleged TILA violations, the Sivers seek damages and to rescind the Loan. (*Id.* ¶¶ 94-96, 101-02.) CitiMortgage responds to these allegations by arguing that (1) the Sivers' notice of rescission was untimely, (2) CitiMortgage's TIL disclosures were sufficient, and (3) the Sivers' TILA claims are barred by the statute of limitations. (Mot. at 7-12.) For the reasons stated below, the court grants CitiMortgage's motion with respect to the Sivers' TILA damages claims and grants with leave to amend CitiMortgage's motion with respect to the Sivers' TILA rescission claim.

### i. The Sivers Cannot State a Claim for Damages Under TILA

An action under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *see also Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008) (applying a one-year limitations period for TILA claims). The alleged TILA violations took place on July 19 or 20, 2007, when the Loan documents were executed. (Am. Compl. ¶ 15.) At that time, the Sivers were in full possession of all information relevant to the alleged TILA violations. Thus, the limitations period expired one year later on July 20, 2008, at the latest. The Sivers initiated the present action in October 2010, more than two years after the limitations period expired. (*See* Compl.) Thus, the Sivers' TILA damages claims are barred by the relevant statute of limitations, and the court dismisses these claims with prejudice. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902-03 (9th Cir. 2003) (affirming summary judgment dismissing a TILA claim as time barred by one-year statute of limitations where at the time the loan documents were signed, the plaintiffs were in full possession of all information relevant to the discovery of a TILA violation).

### ii. The Sivers' TILA Rescission Claim

Under TILA, the borrower is entitled to a right to rescind the transaction for three days, so long as the lender gives the borrower the disclosures required by TILA and two copies of the notice of the right to cancel. 15 U.S.C. § 1635(a). The right to rescind, however, extends for three years (following the execution of the Loan or the delivery of the information required under TILA, whichever is later) if the lender fails to give the borrower the required TILA disclosures and notice. 15 U.S.C. §§ 1635(a) and (f), §

1638, and Regulation Z; 12 C.F.R. §§ 226.17 and 226.18. To encourage compliance, TILA violations are measured by a strict liability standard, so even minor or technical violations impose liability on the creditor. *See, e.g.*, *Mars v. Spartanburg Chrysler Plymouth, Inc.*, 713 F.2d 65, 67 (4th Cir. 1983) ("To insure that the consumer is protected, as Congress envisioned, requires that the provisions of [the TILA and Regulation Z] be absolutely complied with and strictly enforced.").

      Here, the amended complaint contains allegations sufficient to provide for the extended three-year period of time under TILA in which the Sivers could notice their intention to rescind the Loan. The Sivers allege that each borrower (both Mr. Siver and Mrs. Siver) was not provided with two original signed notices of the right to cancel (Am. Compl. ¶¶ 74, 83) as required under TILA.[1] The Sivers also allege that they sent notice of their intent to rescind the Loan on July 13, 2010 (*Id.* ¶ 35). Therefore, assuming the truth of the allegations in the amended complaint, the Sivers' notice was sent within, albeit barely, three years of execution of the Loan documents, which occurred on July 19 or 20, 2007. As a result of the alleged TILA violation the Sivers had three years to act on their right rescind the Loan, and thus, when the Sivers provided notice of their intent to rescind the Loan on July 13, 2010, the notice was timely.

---

[1] The Sivers have alleged numerous violations of TILA relating to the documents provided in connection with their Loan. (Am. Compl. ¶¶ 68-96.) CitiMortgage denies that its disclosures were insufficient. (Resp. at 8-9.) CitiMortgage does not, however, deny in its motion to dismiss that it failed to provide both Mr. Siver and Mrs. Siver with two original signed notices of the right to cancel. (*See generally* Resp.)

CitiMortgage, however, challenges the Sivers' tender of their physical house (or offer to grant a quit claim deed in favor of CitiMortgage) as insufficient for rescission under TILA. (Mot. at 9.) The Sivers' amended complaint states that they are "willing to 'tender' the *property* or sign a new promissory note depending on lender's wishes." (Am. Compl. ¶ 38 (emphasis added).) CitiMortgage argues that rescission under TILA requires repayment of the amount of money advanced by the lender, as opposed to the physical property. (Mot. at 10-11.) In response, the Sivers argue that by providing notice of their intent to rescind on July 13, 2010, they had met their obligation under the rescission procedure provided by TILA, shifting the onus to CitiMortgage to take certain required action pursuant to TILA, such as terminating its security interest in the property, before the Sivers would be required to tender any property. (Resp. at 9.) Thus, the parties disagree as to (1) whether the Sivers must tender the amount due on the Loan in the event of rescission (or if tender of the physical home is a sufficient tender under TILA), and (2) the proper procedure for rescission under TILA with respect to such tender.

First, it is clear that in the event of rescission, the Sivers cannot merely return the physical property or grant a quit claim deed in the property in favor of CitiMortgage, but instead must tender the amount owed on the Loan, less interest and finances charges. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (discussing that in the event of rescission the borrower would pay back the amount the borrower had received); *Nejo v. Wilshire Credit Corp.*, No. 09cv879 BEN (JMA), 2010 WL 2951972,

at *1 (S.D. Cal. July 21, 2010) (stating that in the event of rescission the borrower must return the money borrowed.").

Second, the procedural guidelines for rescission of a loan transaction are set forth by TILA, but the order in which these procedures occur may be amended by a court. *Yamamoto*, 329 F.3d at 1171. TILA provides:

> Within 20 days after the receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.

15 U.S.C. § 1635(b). The Sivers read 15 U.S.C. § 1635(b) to require a particular order of steps in the event of notice of rescission—namely, that upon notice of rescission the creditor must take action prior to tender by the borrower. (Resp. at 9.) To the contrary, courts have long held that 15 U.S.C. § 1635(b) "need not be interpreted literally as always requiring the creditor to remove its security interest prior to the borrowers tender of proceeds." *Yamamoto*, 329 F.3d at 1171. Indeed, district courts may "condition rescission on tender by the borrower of the property he had received from the lender." *Id.* at 1171 (citations and quotations omitted). In *Yamamoto*, the Ninth Circuit reasoned as follows:

> As rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures *after* deciding that rescission is warranted, may not do so *before* deciding that rescission is warranted when it finds that, assuming

grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. If, as was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

*Id.* at 1173 (emphasis in original).[2] The discretionary approach called for depends on the record adduced and consideration made on a case-by-case basis. *Id.*

Here, neither the amended complaint nor the Sivers' responsive brief assert that the Sivers have tendered or are prepared to tender the amount of the original loan proceeds. CitiMortgage asserts that it does not believe the Sivers can repay the amount owed on the Loan. (Mot. at 11.) Indeed, the Sivers have merely offered to tender the

---

[2] Based on *Yamamoto*, many district courts have held that in order to survive a Rule 12(b)(6) motion to dismiss, a claim for rescission must allege or be conditioned on a tender offer by the plaintiff of the amount owed on the loan, less interest and finance charges. *See, e.g.*, *Quintero Family Trust v. OneWest Bank, F.S.B.*, No. 03-55575, 2010 WL 392312, at * 4 (S.D. Cal. Jan. 27, 2010) (holding that plaintiffs must allege, consistent with Rule 11, their ability to tender the loan proceeds, in order to state a claim for relief under TILA); *Edelman v. Bank of America Corp.*, No. SACV 09-00309-CJC (MLGx), 2009 WL 1285858 at *2 (C.D. Cal. April 17, 2009) ("A claim for rescission requires a plaintiff to allege that the plaintiff can or will tender the borrowed funds back to the lender."); *Garza v. Am. Home Mortg.*, No. CV F 08-1477 LJO GSA, 2009 WL 188604, at *5 (E.D. Cal. Jan. 27, 2009) ("Rescission is an empty remedy without [the plaintiff's] ability to pay back what she has received (less interest, finance charges, etc.)."); *but see, e.g.*, *Russell v. Mortg. Solutions Mgmt., Inc.*, Civil No. 08-1092-PK, 2010 WL 3945109 at *4 (D. Or. Oct. 6, 2010) (holding that dismissal at the pleading stage for failure to allege ability to tender was unnecessary, but acknowledging that "considerations regarding the adequacy of the pleadings in this respect may come into play in the summary judgment context). The court, however, does not read *Yamamoto* as establishing such a blanket rule. Rather, *Yamamoto* stands for the proposition that district courts, on a case-by-case basis and in the interest of equity, may alter the sequence of procedures of rescission under TILA. *Yamamoto*, 329 F.3d at 1173.

physical property and/or sign a quit claim deed of the property in favor of CitiMortgage. (Am. Compl. ¶ 38.) Moreover, it appears that the Sivers have been behind on Loan payments since September 2008. (Mot. at 2-3.) Based on these facts, the court follows the Ninth Circuit's guidance in *Yamamoto* and exercises its equitable power to require the Sivers to allege an ability to fully tender the amount owed on the Loan. Without such an allegation in this case, the amended complaint fails to state a claim for rescission relief under TILA. Accordingly, the Sivers' rescission claim is dismissed without prejudice. The Sivers are granted leave to amend their amended complaint to allege their ability to tender the entire amount owed on the Loan (less interest paid and fees earned), subject to the requirements of Rule 11(b) of the Federal Rules of Civil Procedure.

If the Sivers re-assert their right to rescission under § 1635(b) of TILA in a future complaint, they will be required to satisfy the court of their ability to repay the loan proceeds before the parties and the court go through the expensive exercise of motion practice and a trial on the merits. *See Yamamoto*, 329 F.3d at 1173 (holding in part that court had discretion to demand assurance of plaintiff's ability to repay loan proceeds before going through the empty (and expensive) exercise of a trial).

**D.     The Sivers' Declaratory Judgment Claim**

Because the Sivers' declaratory judgment claim is entirely dependent on their TILA rescission claim, this claim is also dismissed with leave to amend.

**E.     The Sivers Have Failed to State a Claim for Breach of Contract**

The Sivers' amended complaint alleges that CitiMortgage breached their loan agreement when CitiMortgage took no action in response to the Sivers' notice of intent to

rescind. (Compl. ¶¶ 51, 52.) The Sivers' "breach-of-contract" claim references a duty under TILA, rather than any contract or any contract provision. Indeed, the Sivers do not identify any contract or contract provision that CitiMortgage has breached. Moreover, the Sivers offered absolutely no response to CitiMortgage's motion to dismiss their breach-of-contract claim, which the court construes as an admission that the motion has merit. *See* W.D. Wash. Local Rule CR 7(b)(2). Accordingly, the court dismisses the Sivers' breach-of-contract claim with leave to amend.

**F.     The Sivers have Failed to State a Claim for Quiet Title**

A quiet title claim against a mortgagee requires an allegation that the mortgagor is the rightful owner of the property, that is, that the mortgagor has paid an outstanding debt secured by the mortgage. *See Kelley v. MERS, Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). The Sivers do not contend that they have paid the debt owed on the Loan. Instead, it is clear the Loan has an outstanding balance owed by the Sivers to CitiMortgage. (*See* Am. Compl. ¶¶ 104-15.) Thus, the Sivers cannot bring a claim for quiet title, and the court dismisses the Sivers' quiet title claim with prejudice.

**G.     The Sivers Have Failed to State a Claim for Slander of Title**

A slander of title action requires: (1) a publication of a false statement disparaging the claimant's title, (2) the statement must be maliciously published, (3) the statement must be spoken with reference to some pending sale or purchase of the plaintiff's property, (4) the plaintiff must suffer pecuniary loss as a result of the false statement, and (5) the statement must be such as to defeat the plaintiff's title. *Rorvig v. Douglas*, 873 P.2d 492, 496 (Wash. 1994).

Here, there has been no allegation of a false statement. The Sivers only allegation is that CitiMortgage has failed to remove its deed of trust from the property. Moreover, the Sivers have not experienced a pecuniary loss, as they remain on the property. Thus, the Sivers cannot bring a claim for slander of title, and the court dismisses the Sivers' slander of title claim with prejudice.

**H.     The Sivers Have Failed to State a CPA Claim**

There are five elements of a private CPA claim: "(1) an unfair or deceptive act or practice; (2) which occurs in trade or commerce; (3) that impacts the public interest; (4) which causes injury to the plaintiff in his or her business or property; and (5) which injury is causally linked to the unfair or deceptive act." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 858 P.2d 1054, 1061 (Wash. 1993) (citation omitted).

CitiMortgage argues that the Sivers' CPA claim fails to state a claim upon which relief can be granted because the Sivers failed to allege facts regarding any unfair or deceptive act or practice of CitiMortgage or any public interest impact. (Mot. at 15-17.)

The court agrees with CitiMortgage that the Sivers, in their amended complaint, have entirely failed to allege any unfair or deceptive act of CitiMortgage or any public impact. (*See* Am. Compl. ¶¶ 159-62.) Further, the court can discover no allegation regarding the Sivers' injury. Additionally, the Sivers have only alleged that CitiMortgage's alleged TILA violations are "capable of being repeated." (Resp. at 15.) Such speculative allegations, without factual basis, are precisely the type of allegations that are insufficient to continue a lawsuit in response to a motion to dismiss. *Twombly*,

550 U.S. at 545. Thus, the Sivers have failed to state a CPA claim, and the court dismisses this claim with leave to amend.

**I.  The Sivers Have Failed to Plead Fraudulent Inducement with Particularity**

Federal Rule of Civil Procedure 9(b)'s heightened pleading standard for claims sounding in fraud requires a plaintiff to plead the "who, what, when, where, and how" of the alleged fraud. *See Yess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 2006 (9th Cir. 2003).

The Sivers' amended complaint includes a cause of action for "Fraudulent Inducement and Concealment" which is supported by a single paragraph stating that "[t]he acts of defendant as described above amount to fraudulent inducement and concealment." (Am. Compl. ¶ 157.)

According to CitiMortgage, these allegations lack the specificity required under Federal Rule of Civil Procedure 9(b). (Mot. at 15.) The court agrees. Clearly, one conclusory allegation fails to meet the "who, what, when, where, and how" requirements to properly allege fraud with specificity. *See* Fed. R. Civ. P. 9(b).

Even were the court to consider the facts alleged in the Sivers' amended complaint without Rule 9(b)'s heightened pleading standard, the allegations still fail to allege the basic elements of fraud. The Sivers have not identified a false statement that they relied upon to their detriment or any damages resulting from that reliance. *See Baertschi v. Jordan*, 413 P.2d 657, 660 (Wash. 1966) (setting out nine elements of a fraud claim, which include a representation of a false material fact and damages resulting from the plaintiff's reliance upon that representation). The Sivers only allege that CitiMortgage

failed to provide the necessary disclosures required under TILA, not that any of the disclosures were materially false. Additionally, as stated above, the Sivers remain in the property, and therefore they have not suffered any damages, as required to plead or prove fraud. Accordingly, the court dismisses the Sivers' fraud claim with leave to amend.

### III.   CONCLUSION

CitiMortgage's motion to dismiss is hereby GRANTED with respect to the Sivers' RESPA, FDCPA, ECOA, quiet title, and slander of title claims. Similarly, CitiMortage's motion to dismiss is GRANTED with respect to the Sivers' damages claims for violations of TILA. The Sivers' claims for breach of contract, CPA, fraudulent inducement, rescission under TILA, and declaratory judgment are DISSMISSED WITH LEAVE TO AMEND. As set forth in this order, if the Sivers choose to file a second amended complaint for rescission under TILA, they must include an allegation setting forth their ability to tender the entire loan amount (less payments made) and subject to the requirements of Rule 11(b) of the Federal Rules of Civil Procedure. In the event the Sivers choose to re-assert a right to rescission under § 1635(b) of TILA, they will be required to satisfy the Court that they are able to repay the loan proceeds before the parties and the court go through the expensive exercise of motion practice and a trial on the merits.

1 | Plaintiff shall file a second amended complaint, if at all, within 14 days of the date
2 | of this Order.

Dated this 11th day of November, 2011.

_____
The Honorable James L. Robart
U.S. District Court Judge

ORDER- 15